UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOSE LUIS MONTANES,

                              Plaintiff,                    **REPORT AND**
                                                           **RECOMMENDATION**

             -against-
                                                            21-CV-586 (ERK)
AVANTI PIZZA 2 INC. (d/b/a AVANTI'S
PIZZA), et al.,

                              Defendants.
---------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

　　　　In this wage-and-hour action, plaintiff Jose Luis Montanes ("plaintiff") sues his former

employers, defendants Avanti Pizza 2 Inc. (d/b/a Avanti's Pizza), Avanti Pizza Inc. (d/b/a

Avanti's Pizza), Avanti Pizza 1 Inc. (d/b/a Avanti's Pizza), Rizvan Mashkuli (a/k/a Giovanni),

and Ardjent Mashkuli (collectively, "defendants"), to recover for deficiencies in the wages he

was paid and for related damages.  See generally Complaint (Feb. 4, 2021) ("Compl."),

Electronic Case Filing Docket Entry ("DE") #1; Order (Apr. 12, 2022).  Currently pending

before this Court, on a referral from the Honorable Edward R. Korman, is plaintiff's request

for damages.[1]  See Motion for Default Judgment (May 12, 2022), DE #43; Referral Order.

　　　　For the reasons that follow, this Court recommends that the District Court enter

judgment against defendants, jointly and severally, awarding plaintiff the following: damages

totaling $156,718.30, consisting of $67,419.15 in unpaid overtime wages, $5,940.00 in

spread-of-hours compensation, $10,000 in statutory damages, and $73,359.15 in liquidated

---

[1] Judge Korman granted plaintiff's motion for default judgment as to defendants' liability for violations of the Fair
Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law § 650 et seq.
("NYLL").  See Order Referring Motion (June 13, 2022) ("Referral Order").  Having reviewed the Complaint,
this Court agrees that plaintiff's claims are well-pleaded.

damages; pre-judgment interest at the rate of 9 percent per year as discussed herein, until the date final judgment is entered; and attorneys' fees and costs in the amount of $4,856.40.

## BACKGROUND

The facts described herein are drawn from the allegations contained in plaintiff's Complaint and his affidavit.

Plaintiff worked as a dishwasher, cook and food preparer at defendants' pizzeria/Italian restaurant, located at 1650 Richmond Avenue, Staten Island, New York, from July 21, 2019 until November 25, 2020. See Compl. ¶¶ 2, 5, 16, 37-38; Affidavit of Jose Luis Montanes dated April 28, 2022 (May 12, 2022) ("Montanes Aff.") ¶¶ 4, 8-9, DE #44-10.[2] From July 21, 2019 until April 30, 2020, plaintiff worked six days per week, from 10:30 a.m. to 11:00 p.m., for a total of 75 hours per week.  See Compl. ¶ 42; Montanes Aff. ¶ 12.  From May 1, 2020 until November 25, 2020, plaintiff worked five days per week, from 10:30 a.m. until 11:00 p.m., for a total of 62.5 hours per week. See Compl. ¶ 43; Montanes Aff. ¶ 13. Defendants paid plaintiff $150 per day, in cash, throughout his employment. See Compl. ¶¶ 44-45; Montanes Aff. ¶¶ 14-15.  From the start, defendants failed to pay plaintiff at the applicable minimum wage, an overtime premium for those hours he worked in excess of 40 hours per week, or a spread-of-hours premium for those days that he worked in excess of 10 hours. See Compl. ¶¶ 68, 72, 77, 81, 85; Montanes Aff. ¶ 21.  Plaintiff further alleges that defendants failed to provide him with a wage notice at the time of his hiring and, throughout

---

[2] Although plaintiff worked at one restaurant/pizzeria, the Complaint alleges that the two individual defendants and three entities either jointly employed him or constituted a single employer.  See Compl. ¶¶ 29, 30.

his employment, failed to provide him with a wage statement with each payment of his wages. See Compl. ¶¶ 89, 92; Montanes Aff. ¶¶ 18-20.

Plaintiff asserts claims against defendants for failing to provide him with: minimum and overtime wages pursuant to the FLSA (First and Second Causes of Action), and the NYLL (Third and Fourth Causes of Action); compensation under New York's spread-of-hours provision, see N.Y. Comp. Codes R. & Regs. tit.12, § 146-1.6 (Fifth Cause of Action); and a wage notice at the time of hire and detailed paystub information on paydays, under the NYLL Wage Theft Prevention Act ("WTPA"), see N.Y. Lab. Law §§ 195(1)(a), 195(3) (Sixth and Seventh Causes of Action).

## PROCEDURAL HISTORY

Plaintiff filed the instant Complaint on February 4, 2021 against Avanti Pizza 2 Inc., Avanti Pizza Inc., Ardjent Mashkulli, Geni Mashkulli, and Giovanni Mashkulli. See generally Compl. After plaintiff originally moved for default judgment, Judge Korman directed plaintiff to mail the motion papers to the individual defendants at their home addresses. See Order (Jan. 19, 2022). In response, plaintiff requested that the caption be amended because plaintiff "discovered that the names of the Individual Defendants were misspelled in the caption and that Ardjent Mashkulli and Geni Mashkulli are the same person." Motion to Amend/Correct/Supplement Complaint (Mar. 4, 2022), DE #38. By order dated April 12, 2022, Judge Korman granted plaintiff's request and "amend[ed] the caption to reflect that the Individual Defendants are Rizvan Mashkuli (a/k/a Giovanni) and Ardjent Mashkuli." Order (Apr. 12, 2022).

3

After plaintiff refiled his motion for default judgment against the correctly named defendants, Judge Korman granted plaintiff's motion as to liability against defendants under the FLSA and the NYLL and referred the matter to the undersigned magistrate judge to report and recommend on the amount of damages.  See Referral Order.  On June 30, 2022, this Court directed plaintiff to supplement his submissions with documentation in support of his request for costs and directed defendants to show cause why the relief requested by plaintiff should not be granted.  See Order (June 30, 2022), DE #46.   To date, defendants have not responded or otherwise appeared in this action.

## DISCUSSION

### I.    Default Judgment Standard

After the Clerk of the Court enters a Certificate of Default, the District Court may, on a plaintiff's application, enter a default judgment if a defendant "has failed to plead or otherwise defend" an action.  See Fed R. Civ. P. 55(a), (b); see also S.D.N.Y./E.D.N.Y. Local Civ. R. 55.2(b).  A defendant's default ordinarily constitutes an admission of all well-pleaded factual allegations in the complaint except those relating to damages.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011); Fed. R. Civ. P. 8(b)(6).  The damages amount pleaded by a plaintiff is not deemed to be established by the default; the Court must conduct "an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir.

4

1997)).  It is within a court's discretion to determine whether the plaintiff's burden has been

met, and whether to hold an evidentiary hearing.  See Action S.A. v. Marc Rich & Co., Inc.,

951 F.2d 504, 508 (2d Cir. 1991).

## II.     Plaintiff's Damages

Under both the FLSA and NYLL, an employer is required to maintain "records of the

wages, hours, and persons employed by him."  Chen v. JP Standard Constr. Corp., 14-CV-

1086 (MKB), 2016 WL 2909966, at *9 (E.D.N.Y. Mar. 18, 2016) (quoting Rodriguez v.

Queens Convenience Deli Corp., No. 09-cv-1089(KAM)(SMG), 2011 WL 4962397, at *2

(E.D.N.Y. Oct. 18, 2011)), adopted, 2016 WL 2758272 (E.D.N.Y. May 12, 2016).  "Where,

as here, defendants, having defaulted, failed to produce the requisite records, a plaintiff may

meet his or her burden of establishing how many hours he or she worked 'by relying solely on

his or her recollection."  Chen, 2016 WL 2909966, at *9 (internal quotation marks and citation

omitted); see Vilchis v. Seoul Sisters, Inc., 15-cv-6339 (JBW)(MDG), 2016 WL 6106478, at

*5 (E.D.N.Y. Sept. 15, 2016), adopted, 2016 WL 6102342 (E.D.N.Y. Oct. 18, 2016).

Accordingly, "[i]n an FLSA case, in the absence of rebuttal by defendants, plaintiffs'

recollection and estimates of hours worked are presumed to be correct."  Rodriguez v.

Almighty Cleaning, Inc., 784 F.Supp.2d 114, 121 (E.D.N.Y. 2011) (internal quotation marks

and citation omitted); see Diaz v. Rene French Cleaners, Inc., No. 20-CV-3848 (RRM)

(RER), 2022 WL 4646866, at *7 (E.D.N.Y. Aug. 29, 2022), adopted, 2022 WL 4662247

(E.D.N.Y. Sept. 30, 2022); Jemine v. Dennis, 901 F.Supp.2d 365, 376 (E.D.N.Y. 2012);

Gunawan v. Sake Sushi Rest., 897 F.Supp.2d 76, 88-89 (E.D.N.Y. 2012).

Here, plaintiff has submitted a sworn declaration as to the hours he worked and the amount he was paid, in addition to alleging consistent factual allegations in his Complaint. This is a sufficient evidentiary basis upon which the Court may calculate damages.  See Diaz, 2022 WL 4646866, at *7; Santos v. Cancun & Cancun Corp., No. 21-CV-0192 (LDH) (RER), 2022 WL 1003812, at *6 (E.D.N.Y. Feb. 17, 2022); Cruz v. JJ's Asian Fusion Inc., 20 CV 5120 (MKB)(RML), 2022 WL 687097, at *4 (E.D.N.Y. Jan. 11, 2022), adopted, 2022 WL 577954 (E.D.N.Y. Feb. 25, 2022); Valerio v. K.A.M. Food Store, Inc., 19 CV 593 (MKB)(LB), 2019 WL 7764707, at *4 (E.D.N.Y. Dec. 26, 2019), adopted, 2020 WL 473614 (E.D.N.Y. Jan. 29, 2020).

### A.    Minimum Wage and Overtime Compensation

Under both the FLSA and the NYLL, employees must be paid at least the minimum hourly wage for each hour that they work.  See 29 U.S.C. § 206; N.Y. Lab. Law § 652.  At all times relevant to the claims in this case, the FLSA required defendants to pay plaintiff a minimum hourly wage of $7.25.  See 29 U.S.C. § 206(a)(1).  New York law obligated defendants to pay plaintiff a minimum hourly wage of $15.00 during plaintiff's term of employment.[3]  See N.Y. Lab. Law § 652(1)(a)(i).  Courts allow plaintiffs in wage-and-hour cases to recover under the statute that provides for the greatest relief, but they may not be compensated for the same injury under both the FLSA and NYLL.  See, e.g., Valerio, 2019 WL 7764707, at *4; Romero v. Rung Charoen Sub, Inc., 16 Civ. 1239 (VMS), 2017 WL

---

[3] Plaintiff applies the New York minimum wage applicable to "large employers," defined as "[e]very employer of eleven or more employees," N.Y. Lab. Law § 652(1)(a)(i).  Although plaintiff has not provided any information as to how many employees worked for defendants, given plaintiff's allegation that defendants' business had over $500,000 in gross annual sales, Compl. ¶ 33, and the lack of any contrary information from defendants, it may be inferred that defendants employed at least eleven workers.  See Cruz, 2022 WL 687097, at *5 n.3.

4480758, at \*11 (E.D.N.Y. Sept. 30, 2017). Because New York's minimum wage is higher, that rate controls. See 29 U.S.C. § 218(a).

To calculate deficiencies in a plaintiff's minimum wage or overtime wage compensation, the Court must first determine the plaintiff's regular hourly wage rate. See Caltenco v. G.H. Food Inc., 824 F.App'x 88, 89 (2d Cir. 2020). Once the Court determines the "regular rate," that rate "is then compared to the statutorily-imposed minimum wage to determine whether the employee has been underpaid." Java v. El Aguila Bar Rest. Corp., 16-CV-6691 (JLC), 2018 WL 1953186, at \*10 (S.D.N.Y. April 25, 2018); see Aponte v. 5th Ave. Kings Fruit & Vegetables Corp., 20-cv-5625, 2022 WL 3655185, at \*9 (E.D.N.Y. Aug. 25, 2022), appeal docketed, No. 22-2047 (2d Cir. Sept. 19, 2022). Under the FLSA, where, as here, an "employee is paid a flat sum for a day's work . . . , without regard to the number of hours worked in the day . . . , his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked." 29 C.F.R. § 778.112. "He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek." Id. In contrast, under the NYLL, the regular rate of pay of an employee in the hospitality industry (which includes restaurants) is determined based upon a formula more favorable to the employee: Section 146-3.5 of the New York Department of Labor's regulations applicable to restaurant employees (the "New York Hospitality Industry Wage Order") provides that where "an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." N.Y. Comp. Codes R. & Regs. tit.

12, § 146-3.5(b).  As discussed above, plaintiff was paid a daily rate of $150 throughout his employment.  Applying the New York Hospitality Industry Wage Order,[4] for the period July 21, 2019 through April 30, 2020, plaintiff's regular hourly rate was $22.50 ($150 x six days ÷ 40 hours).  For the period May 1, 2020 through November 25, 2020, plaintiff's regular hourly rate was $18.75 ($150 x five days ÷ 40 hours).  Thus, for both periods, for purposes of calculating plaintiff's regular hourly rate based on a 40-hour workweek, plaintiff was paid above the applicable minimum wage rate of $15 per hour.[5]

Turning next to the calculation of unpaid overtime, plaintiff is entitled to recover unpaid overtime premium wages under the FLSA and the NYLL.  See 29 U.S.C. § 207(a)(1) (mandating that an employee who works in excess of 40 hours per week must be paid for the excess hours at a premium overtime rate); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 (same).  Under both the FLSA and NYLL, the overtime rate adds a 50-percent premium to the employee's regularly hourly rate.  See 29 C.F.R. § 778.110(a) ("For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the

---

[4] As noted above, plaintiff is entitled to recover under the statute that provides greater relief.  See Romero, 2017 WL 4480758, at *11 (applying New York Hospitality Industry Wage Order to determine regular rate of employee paid on a daily rather than hourly basis).

[5] Although plaintiff's regular rate of pay exceeded the required minimum wage under the formula prescribed for restaurant workers under New York law, the calculated regular rate of pay does not account for those hours plaintiff worked in excess of 40 per week.  Accordingly, while this opinion, applying the New York Hospitality Industry Wage Order, treats plaintiff's unpaid wages as unpaid overtime pay, plaintiff was effectively denied the applicable minimum wage for those hours worked in excess of 40 per week.  As a result, despite well-pleaded allegations in the Complaint establishing defendants' liability for unpaid minimum wages, when plaintiff's wages are calculated pursuant to the New York Hospitality Industry Wage Order, plaintiff is not owed any minimum wage damages.  See Gao v. Shi, 18 CV 2708 (ARR)(LB), 2021 WL 1949275, at *11 (E.D.N.Y. Apr. 30, 2021), adopted sub nom. Gao v. ABC Corp., 2021 WL 1946322 (E.D.N.Y. May 15, 2021); Romero, 2017 WL 4480758, at *10.

week."); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 ("An employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate . . . ."). Thus, plaintiff is entitled to recover unpaid overtime premium wages under the NYLL in the amount of a 50-percent premium over his regular hourly rate, as determined in the manner previously discussed herein.

Based upon plaintiff's sworn statement as to the hours that he worked and the pay that he received, this Court recommends awarding him damages for unpaid overtime wages as follows:

| Time Period | Hours per Week | OT Hours per Week | Regular Rate | OT Owed per Hour | Wage Owed per Week | Number of Weeks[6] | Total |
|---|---|---|---|---|---|---|---|
| 7/21/19-4/30/20 | 75.0 | 35.0 | $22.50 | $33.75 | $1,181.25 | 41 | $48,431.25 |
| 5/1/20-11/25/20 | 62.5 | 22.5 | $18.75 | $28.13 | $   632.93 | 30 | $18,987.90 |
| **TOTAL** | | | | | | | **$67,419.15** |

## B.    Spread-of-Hours Compensation

Plaintiff seeks spread-of-hours pay under the NYLL.  See Compl. ¶¶ 85-87.  By regulation, restaurant workers in New York, regardless of their regular rate of pay, are entitled to compensation of one hour's pay at the basic minimum wage rate for each day worked in excess of 10 hours.  See N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a).  Here, plaintiff worked in excess of 10 hours per day, six days per week, from July 21, 2019 through April

---

[6] Since each time period includes partial weeks, the Court rounds to the nearest full week.  See Villar v. Prana Hosp., Inc., No. 14 Civ. 8211 (RA)(JCF), 2017 WL 1333582, at *9 nn.13-15 (S.D.N.Y. Apr. 11, 2017), adopted, 2018 WL 3579841 (S.D.N.Y. July 25, 2018); accord Aponte, 2022 WL 3655185, at *10 n.26.

30, 2020.  Plaintiff is therefore entitled to spread-of-hours pay for 246 days in the amount of $3,690.00 ($15 x 246 days).  Plaintiff also worked in excess of 10 hours per day, five days per week, from May 1, 2020 through November 25, 2020.  For that period, plaintiff is entitled to spread-of-hours pay for 150 days in the amount of $2,250.00 ($15 x 150 days).  Accordingly, the Court recommends awarding plaintiff spread-of-hours compensation in the amount of $5,940.00.

### C.    Liquidated Damages

Plaintiff requests liquidated damages under the FLSA and/or NYLL.  See Compl. at p. 16; Affirmation of William K. Oates (May 12, 2022) ("Oates Aff.") ¶¶ 52-56, DE #44. Under the FLSA, an employer who violates the overtime compensation requirements is liable for "an additional equal amount as liquidated damages" unless the employer demonstrates to the Court that it acted in good faith and had reasonable grounds for believing that its actions were lawful.  29 U.S.C. §§ 216(b), 260.  The NYLL similarly authorizes an award of liquidated damages to a prevailing plaintiff "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law . . . ."  N.Y. Lab. Law § 663(1).  Liquidated damages under the NYLL are likewise calculated at 100 percent of the unpaid wages due to a prevailing plaintiff.  See id.  Nevertheless, because "there are no meaningful differences" between the FLSA and the NYLL liquidated damages provisions, the Second Circuit has interpreted the two statutes "as not allowing duplicative liquidated damages for the same course of conduct."  Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018).

As a result of defendants' default in this action, the record is devoid of evidence of defendants' good faith or reasonable belief.  See De la Cruz Casarrubias v. Surf Ave Wine &

Liquor Inc., 20-CV-3003 (AMD), 2021 WL 2227977, at \*6 (E.D.N.Y. May 11, 2021), adopted, 2021 WL 2223275 (E.D.N.Y. June 2, 2021); Peralta v. M & O Iron Works, Inc., No. 12-CV-3179 (ARR)(RLM), 2014 WL 988835, at \*10 (E.D.N.Y. Mar. 12, 2014).  Since the NYLL provides, in the circumstances presented here, a greater amount of premium overtime pay, the Court recommends awarding liquidated damages under the NYLL.  See Fan v. Jenny & Richard's Inc., 17-CV-6963 (WFK), 2019 WL 1549033, at \*11 (E.D.N.Y. Feb. 22, 2019), adopted, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019).  Plaintiff is also entitled to NYLL liquidated damages on unpaid spread-of-hours compensation.  See Peralta, 2014 WL 988835, at \*12.  Accordingly, applying 100 percent liquidated damages as required by the NYLL, the Court recommends awarding plaintiff liquidated damages for unpaid overtime wages and spread-of-hours wages under the NYLL in the amount of $73,359.15 ($67,419.15 + $5,940.00).

### D.    Statutory Damages under the WTPA

Under the WTPA, plaintiff is entitled to "$50 per workday after February 27, 2015, up to $5,000 for failure to provide a wage notice."  Gil v. Frantzis, 17-CV-1520-ARR-SJB, 2018 WL 4522094, at \*10 (E.D.N.Y. Aug. 17, 2018), adopted as modified on other grounds, 2018 WL 4299987 (E.D.N.Y. Sept. 10, 2018); see N.Y. Lab. Law § 198(1-b).  An employee who worked 100 days without the employer's satisfying New York's wage notice requirements would therefore reach the statutory maximum of $5,000.  An employee is also entitled to "$250 per workday for each workday after February 27, 2015, up to $5,000 for failure to provide a wage statement."  Gil, 2018 WL 4522094, at \*10; see N.Y. Lab. Law § 198(1-d). An employee who worked twenty days on which "the [wage statement] violations occurred or

11

continue[d] to occur" would therefore reach the $5,000 statutory cap.  N.Y. Lab. Law § 198(1-d).

Here, plaintiff worked for defendants during 2019 to 2020, and never received a proper wage notice or wage statement.  As plaintiff worked at defendants' restaurant for over 100 workdays, he is entitled to recover the statutory maximum of $5,000 each for the respective wage notice and wage statement violations.[7]

Accordingly, this Court recommends that the District Court award plaintiff a total of $10,000 against defendants, jointly and severally, in statutory penalties.

**E.    Interest**

**1.    Prejudgment Interest**

Plaintiff requests prejudgment interest pursuant to New York law.  See Compl. at 17; Oates Aff. ¶¶ 57-59.  "Although it is 'well settled' that prejudgment interest is not awardable under FLSA where liquidated damages are awarded, NYLL permits the award of both liquidated damages and prejudgment interest."  Lopez v. Royal Thai Plus, LLC, 16-CV-4028-NGG-SJB, 2018 WL 1770660, at *12 (E.D.N.Y. Feb. 6, 2018) (citation and internal quotation marks omitted), adopted, 2018 WL 1770555 (E.D.N.Y. Apr. 12, 2018).  Prejudgment interest is available for unpaid minimum and overtime wages under the NYLL, but not for amounts awarded under the WTPA, see Martinez v. Alimentos Saludables Corp., 16 CV 1997 (DLI)

---

[7] Defendants failed to provide plaintiff with wage statements over a period of time that exceeds the statutory penalty limit regardless of whether the statutory reference to "each [workday] that the violation occurs" is construed to include only workdays on which wages are actually paid or all workdays in a pay period.  Compare Haifeng Xie v. Sakura Kai I Inc., 17-CV-7509 (ILG) (JO), 2019 WL 1568756, at *9 n.8 (E.D.N.Y. Apr. 11, 2019) (construing statute as counting only workdays on which wages are actually paid), with Zhang v. Hiro Sushi at Ollies, Inc., 17 Civ. 7066 (JPC), 2022 WL 2668263, at *14 (S.D.N.Y. July 11, 2022) (awarding maximum statutory damages for failure to provide wage statement to plaintiffs who worked for 78 and 79 days, respectively).

(CLP), 2017 WL 5033650, at *24 (E.D.N.Y. Sept. 22, 2017), or on liquidated damages, see Fermin v. Las Delicias Peruanas Rest., Inc., 93 F.Supp.3d 19, 49 (E.D.N.Y. 2015).

"There is a split in this Circuit as to whether prejudgment interest should be allowed on unpaid wages which are owed under both the FLSA and NYLL." Thomas v. Good Vision Taste Inc., No. 17 CV 6084 (FB)(LB), 2018 WL 4268909, at *7 (E.D.N.Y. Apr. 17, 2018) (citation and internal quotations omitted), adopted as modified on other grounds, 2019 WL 4265868 (E.D.N.Y. Sept. 5, 2018). Courts that have awarded prejudgment interest in such cases have reasoned that plaintiffs "should be permitted to recover under the statute that provides the greatest relief, which in this case is the NYLL." Santana v. Latino Exp. Rests., Inc., 198 F.Supp.3d 285, 294 (S.D.N.Y. 2016) (citation and internal quotations omitted). Other courts have concluded that prejudgment interest should be awarded only on damages arising out of "non-overlapping NYLL claims" – that is, minimum wage, overtime and spread-of-hours claims for which there is no corresponding FLSA violation. See, e.g., De la Cruz Casarrubias, 2021 WL 2227977, at *9; McFarlane v. Harry's Nurses Registry, 17-CV-6350 (PKC) (PK), 2020 WL 7186791, at *4 (E.D.N.Y. Dec. 7, 2020) (collecting cases); Sun v. China 1221, Inc., No. 12-cv-7135 (RJS), 2016 WL 1587242, at *5-6 (S.D.N.Y. Apr. 19, 2016).

Here, the Court has assessed liquidated damages only under the NYLL. In these circumstances, and given the unsettled state of the law, as well as defendants' failure to oppose plaintiff's request for both liquidated damages and prejudgment interest, the Court awards plaintiff prejudgment interest under New York law.

"Under New York law, prejudgment interest is calculated at a rate of 9% per annum." Jiaren Wei v. Lingtou Zhengs Corp., No. 13-CV-5164 (FB)(CLP), 2015 WL 739943, at *17 (E.D.N.Y. Feb. 20, 2015) (citing N.Y. C.P.L.R. § 5001). Where "damages were incurred at various times, interest shall be computed . . . from a single reasonable intermediate date." Id. (quotations omitted). "The midpoint of the relevant period of plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest." Asfaw v. BBQ Chicken Don Alex No. 1 Corp., 14 CV 5665 (CBA)(RML), 2015 WL 13731362, at *7 (E.D.NY. Aug. 26, 2015). The date from which to compute prejudgment interest is left to the discretion of the court. See Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994); RKI Constr., LLC v. WDF Inc., 14-cv-1803 (KAM)(VMS), 2020 WL 6545915, at *22 (E.D.N.Y. Nov. 6, 2020).

This Court, in exercising its discretion, recommends adopting, as the proposed interest accrual date, the midpoint of plaintiff's employment period. Such interest is calculated from March 24, 2020, on a principal sum of $73,359.15. Thus, this Court recommends awarding prejudgment interest, at the statutory rate, on plaintiff's unpaid wage damages, running from March 24, 2020 until the date judgment is entered, in the amount of $18.09 per day.

### 2.    Post-Judgment Interest

Plaintiff also requests post-judgment interest. See Compl. at 17; Proposed Judgment (May 12, 2022) ("Proposed Judgment") at 2, DE #44-13. Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, the Court recommends that plaintiff be awarded post-judgment interest, "to be calculated from the date the Clerk of the Court enters judgment

14

in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961." Sajvin v. Singh Farm Corp., No. 17-CV-04032, 2018 WL 4214335, at *8 (E.D.N.Y. Aug. 13, 2018), adopted, 2018 WL 4211300 (E.D.N.Y. Sept. 4, 2018).

**F.    Fifteen Percent Increase Penalty**

Plaintiff additionally seeks an automatic increase of 15 percent for any unpaid amount of the judgment still pending after 90 days. See Oates Aff. ¶ 72; Proposed Judgment at 3. The NYLL provides that "[a]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law § 198(4); see Candelario-Salazar v. Kings II Deli & Grocery, Inc., 20-CV-760 (MKB) (SMG), 2020 WL 8413558, at *8 (E.D.N.Y. Dec. 28, 2020), adopted, 2021 WL 129062 (E.D.N.Y. Jan. 14, 2021). This increase applies only to damages awarded under the New York Labor Law. See Candelario-Salazar, 2020 WL 8413558, at *8. Accordingly, plaintiffs' damages awarded under the NYLL should be increased by fifteen percent if defendants fail to timely satisfy the judgment. See Diaz, 2022 WL 4646866, at *13 (collecting cases and recommending automatic increase of judgment for failure to pay, in addition to award of post-judgment interest); Candelario-Salazar, 2020 WL 8413558, at *8.

**III.    Attorneys' Fees**

Under both the FLSA and NYLL, a prevailing plaintiff is entitled to an award of "reasonable" attorneys' fees. See 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); see also

*Singh v. A & A Mkt. Plaza, Inc.*, CV 15-7396 (AKT), 2019 WL 4861882, at *6 (E.D.N.Y. Sept. 30, 2019). In considering an application for attorneys' fees, the Court must first determine the presumptively reasonable fee. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 790 F.App'x 289, 292 (2d Cir. 2019); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). This presumptively reasonable fee— or lodestar[8]—is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted); *see Safeco Ins. Co. of Am.*, 790 F.App'x at 292. The party seeking a fee award bears the burden of establishing the reasonableness of the rates charged and the necessity for the hours spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999); *Fermin*, 93 F.Supp.3d at 51.

Courts can and should exercise broad discretion in determining a reasonable fee award. *See Hensley*, 461 U.S. at 437 ("The court necessarily has discretion in making this equitable judgment."); *Arbor Hill*, 522 F.3d at 190 (referencing the court's "considerable discretion"). The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in

---

[8] The lodestar is the product of the number of hours reasonably expended on the litigation and a reasonable hourly rate. *See Arbor Hill*, 522 F.3d at 183 ("The fee—historically known as the 'lodestar'—to which [ ] attorneys are presumptively entitled is the product of hours worked and an hourly rate.").

similar cases.  See Arbor Hill, 522 F.3d at 184, 186 n.3, 190.  In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits.  This is known as the "forum rule."  See Simmons, 575 F.3d at 174-75 (recounting history of the forum rule); see also Arbor Hill, 522 F.3d at 191 ("We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.").

Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. See Arbor Hill, 522 F.3d at 190.  "[A] fee award should be based on scrutiny of the unique circumstances of each case . . . ."  McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 426 (2d Cir. 2010) (citations and quotations omitted).

Plaintiff seeks $4,312.50 in attorneys' fees for the time expended by Michael Faillace, William K. Oates and an unnamed paralegal.  See Oates Aff. ¶¶ 63, 65.  As an initial matter, some courts have denied fees for Mr. Faillace's work because of his suspension from the practice of law.  See, e.g., Garcia Lazaro v. Best Fish Mkt. Corp., 21-cv-5305 (BMC), 2022 WL 280768, at *3 (E.D.N.Y. Jan. 31, 2022) (reasoning that "[f]ew 'reasonable, paying clients' [would] retain an attorney who is going to be suspended for, among other things, stealing settlements from clients"); accord Tarax v. Blossom W. Inc., 19-cv-6228 (JSR), 2022 WL 2132749, at *2 (S.D.N.Y. June 14, 2022).  Nevertheless, this Court respectfully recommends following those courts that have awarded fees for work performed by Mr. Faillace before his suspension – albeit at a reduced hourly rate.  See, e.g., Diaz, 2022 WL

17

4646866, at *14; De Jesus v. P&N Cuisine Inc., No. 20-CV-3619 (RA) (JW), 2022 WL

3294674, at *1 n.2 (S.D.N.Y. Aug. 11, 2022) (collecting cases); Sevilla v. H. of Salads One

LLC, 20-CV-6072 (PKC) (CLP), 2022 WL 954740, at *12 & n.17 (E.D.N.Y. Mar. 30,

2022). Mr. Faillace is not a member of the law firm that currently represents plaintiff, and

counsel represents that Mr. Faillace will not receive any portion of the fee award unless an

application is made on his behalf. See Oates Aff. ¶ 65 n.2.

### A.    Reasonable Hourly Rate

Plaintiff requests an hourly rate of $450 for work performed by Mr. Faillace, $400 for

Mr. Oates, and $125 for the unidentified paralegal. See Oates Aff. at 14. "Courts in this

District have held reasonable hourly rates in FLSA cases to be approximately $300-450 for

partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-$80 for

legal support staff." Miranda v. Astoria Provisions, LLC, 19-CV-02923 (EK) (PK), 2020 WL

6370058, at *10 (E.D.N.Y. July 24, 2020) (internal quotation marks and citations omitted),

adopted, 2020 WL 5810160 (E.D.N.Y. Sept. 30, 2020); accord De la Cruz Casarrubias, 2021

WL 2227977, at *11.

Mr. Faillace's requested rate is at the high end of the rates typically awarded to

partners in FLSA cases in this District. Although Mr. Faillace was an experienced litigator,

given the simplicity of this single plaintiff case, and the errors committed by him,[9] the Court

recommends an hourly rate of $375. See Calle v. Pizza Palace Café LLC, No. 20 CV 4178

(LDH)(LB), 2022 WL 609142, at *14 (E.D.N.Y. Jan. 4, 2022) (recommending reducing Mr.

---

[9] In addition to the errors in the naming of the defendants in the pleading, see supra p. 3, Mr. Faillace filed
purported proofs of service that were missing the requisite proof of execution, see, e.g., Summons Returned
Executed (Mar. 8, 2022), DE #6, DE #7.

Faillace's hourly rate to $375); <u>De la Cruz Casarrubias</u>, 2021 WL 2227977, at *11 (same);

<u>Miranda</u>, 2020 WL 6370058, at *10 (collecting cases in this District in which Mr. Faillace was

awarded a rate of $375 or less per hour); <u>Sarmiento Perez v. Comhar Group LLC</u>, 19-CV-

0964 (FB) (JO), 2020 WL 1364908, at *8 (E.D.N.Y. Mar. 6, 2020) (same), <u>adopted</u>, 2020

WL 1332200 (E.D.N.Y. Mar. 23, 2020).

Plaintiff requests $400 per hour for the work of Mr. Oates, who is an associate and

graduated law school in 1995. <u>See</u> Oates Aff. ¶ 65. This proposed rate is higher than the rate

typically awarded to senior associates in this District. Accordingly, the Court respectfully

recommends that Mr. Oates' rate be reduced to $350 per hour. <u>See, e.g.</u>, <u>Hernandez v.</u>

<u>Quality Blacktop Services, Inc.</u>, 18 CV 4862 (RJD)(RML), 2021 WL 1207316, at *11

(E.D.N.Y. Mar. 30, 2021) (awarding $350 per hour for solo practitioner with over twenty

years of experience litigating labor and employment cases); <u>Flo v. Campos Grp., Inc.</u>, 20-CV-

02506 (RPK)(PK), 2021 WL 7906543, at *12-13 (E.D.N.Y. Sept. 10, 2021) (finding

reasonable rate of $325 per hour for senior associate with over 20 years' experience).

In this District, $125 per hour for the work of a paralegal in a default wage and hour

case is higher than the rate normally awarded for comparable work. <u>See, e.g.</u>, <u>Martinez</u>, 2020

WL 5260579, at *8 (noting that courts in this District routinely approve hourly rates of $70 to

$100 for paralegals); <u>Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.</u>, No. 18 CV 126,

2019 WL 3937126, at *15 (E.D.N.Y. July 3, 2019) (same); <u>Hernandez v. Delta Deli Mkt.</u>

<u>Inc.</u>, No. 18 CV 00375, 2019 WL 643735, at *10 (E.D.N.Y. Feb. 12, 2019) (explaining that

courts in this District have found that $90 to $100 is a reasonable hourly rate for paralegals).

Here, plaintiff's counsel has provided no additional information about this unnamed

individual's identity or qualifications.  Accordingly, this Court respectfully recommends

awarding $75 per hour.  See De la Cruz Casarrubias, 2021 WL 2227977, at *12

(recommending award of $75 per hour for unnamed Faillace PC paralegal); Sarmiento Perez,

2020 WL 1364908, at *8 (same); Martinez, 2020 WL 5260579, at *9 (recommending $75

hourly rate for paralegals).

### B.    Reasonable Number of Hours

Plaintiff seeks fees for 13 hours that counsel spent on this matter and submits what

appears to be a summary of contemporaneous time records to substantiate the time charges.

See Billing Records (May 12, 2022), DE #44-12.  Since the 13 hours underlying plaintiff's fee

request is reasonable for a FLSA default case, this Court recommends awarding plaintiff

attorneys' fees in the amount of $3,625.00, as follows:

| Timekeeper | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Michael Faillace | $375 | 1.5 | $  562.50 |
| William Oates | $350 | 8 | $2,800.00 |
| Paralegal | $ 75 | 3.5 | $  262.50 |
| **Total** | | | **$3,625.00** |

## IV.    Costs

Plaintiff further requests an award of $1,231.40 for filing fees and costs incurred in

effecting service of process against five defendants.  See Supplemental Declaration of William

K. Oates (July 11, 2022) ("Supp. Oates Decl.") ¶¶ 6, 7, DE #48.  After reviewing plaintiff's

initial moving papers, this Court directed plaintiff to submit sufficient documentation to

support these costs.  <u>See</u> Order (June 30, 2022), DE #46.  Upon review of the invoices,

counsel discovered that its original request of $1,195.80 was underestimated.  <u>See</u> Supp. Oates

Decl. ¶ 5 n.1.

As a general matter, a prevailing plaintiff in an action under the FLSA and NYLL is

entitled to recover costs from the defendant.  <u>See</u> 29 U.S.C. § 216(b); N.Y. Lab. Law

§ 663(1).  Since the costs incurred here are routinely recoverable, the Court recommends

awarding plaintiff costs in the requested amount of $1,231.40.

<u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that the following damages be

awarded against defendants, jointly and severally: $156,718.30, representing $67,419.15 in

unpaid overtime wages, $5,940.00 in spread-of-hours premiums, $73,359.15 in liquidated

damages, and $10,000 in WTPA damages; and that plaintiff be awarded $3,625.00 in

attorneys' fees and $1,231.40 in costs.  The Court also recommends awarding prejudgment

interest on the spread-of-hours and overtime wage violations under the NYLL, to be calculated

by the Clerk of the Court from March 24, 2020, at the rate of nine percent on $73,359.15, at a

daily rate of $18.09 until final judgment is entered; and post-judgment interest at the statutorily

prescribed rate from the date judgment is entered until the judgment is paid.  Finally, the Court

recommends that plaintiff be awarded an automatic increase of 15 percent, as provided by New

York Labor Law § 198(4), if any amounts awarded here remain unpaid upon the expiration of

90 days following the entry of judgment, or 90 days after expiration of the time to appeal and

no appeal is then pending, whichever is later.

Any objections to the recommendations contained herein must be filed with Judge Korman on or before November 7, 2022.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk of the Court is respectfully requested to docket this opinion into the ECF court file and to send copies to defendants at:

Avanti Pizza Inc. dba Avanti's Pizza
1650 Richmond Ave
Staten Island, NY 10314

Avanti Pizza 1 Inc. dba Avanti's Pizza
1650 Richmond Ave
Staten Island, NY 10314

Avanti Pizza 2 Inc. dba Avanti's Pizza
1650 Richmond Ave
Staten Island, NY 10314

Ardjent Mashkuli
465 Morningstar Road, Apt. No. 1
Staten Island, New York 10303

Rizvan Mashkuli
1950 Clove Road, Apt. 341
Staten Island, NY 10304

**SO ORDERED.**

**Dated:    Brooklyn, New York
           October 20, 2022**

/s/  *Roanne L. Mann*

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

22